UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK__X
:
:   Index No.: 1:20-cv-00858
ANTHONY FRACCICA           :
         Plaintiff,   :
:   VERIFIED COMPLAINT AND
v.                :   JURY TRIAL DEMAND
:
HSBC USA N.A.             :
:
         Defendants.   :
:
_____X

Plaintiff ANTHONY FRACCICA (FRACCICA) complains of the defendant as follows:

## NATURE OF ACTION

This is an action arising under federal law, seeking declaratory, injunctive and equitable relief, as well as monetary damages to redress the injuries that Plaintiff suffered as a result of Defendants' with Plaintiff's rights under the Family Medical Leave Act ("FMLA"), as well as in retaliation for his exercising of his rights protected under the FMLA.

## JURISDICTION

1. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## VENUE

1

2. The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## PARTIES

3. FRACCICA IS, and at all times material hereto was, a citizen of the State of New York, residing in Erie County, New York.

4. FRACCICA is informed and believes, and upon that basis alleges, the defendant HSBC BANK, N.A. ("HSBC") is and was at all times material hereto, a New York Corporation doing business in this district, having its principal place of business in New York, New York.

## GENERAL ALLEGATIONS

5. At all times material hereto, FRACCICA was an employee of HSBC, employed primarily as an Assistant Vice-President, Senior Auditor General commencing in June 2011 until approximately July 10, 2018. The Senior Auditor General position required advanced organizational skills, meticulous attention to detail, excellent math skills, excellent problem-solving skills, and strong IT skills, which are possessed by FRACCICA.

6. FRACCICA supervised approximately ten (10) people, and HSBC relied upon his skill. He was promoted to Manager in June 2015 and given a $10,000 raise.

7. FRACCICA suffers from bipolar disorder and in May 2016 suffered a manic episode while working for HSBC.

8. HSBC gave FRACCIA leave related to his medical condition in May 2016. FRACCICA returned to work six (6) to eight (8) weeks later.

9. On or about July 10, 2018 again took leave following a manic episode, a protected activity under the FMLA.

10. On or about July 10, 2018, HSBC summarily terminated FRACCICA from his position.

11. At all times, FRACCICA adequately performed his duties as an Auditor Manager.

12. HSBC had notice of FRACCICA's medical condition.

13. FRACCICA is informed and believes, and on that basis alleges, that in performing the actions alleged in paragraph 10 above, defendant failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to discriminate against FRACCICA by reassigning him to a position requiring lesser skills and differing hours, constructively forcing his resignation.

14. FRACCICA is informed and believes, and on that basis alleges, that, as a proximate result of defendant's conduct. (1) FRACCICA's right to extended leave to care for himself was interfered with and impaired; (2) HSBC's termination of FRACCICA in the Auditor Manager, was in retaliation to FRACCICA taking a leave of absence to care for himself and violated his right to the same or equivalent employment upon his return from leave.

15. As a proximate cause of defendant's conduct, FRACCICA was not compensated during his leave of absence and was required to expend significant personal sums for his medical necessities and his own physical and mental well-being. Additionally, as a proximate cause of defendant's conduct, FRACCICA has been unemployed and has been and will continue to experience a loss of wages while being forced to expend significant personal sums in order to obtain reinstatement to the Auditor Manager position to which he is entitled, to provide food, shelter, and clothing for him and his family, and to the provide the medical

care necessary for FRACCICA to assure his continued recovery. These expenditures and costs are consistent with those recoverable for violation of the FMLA.

## FIRST CLAIM FOR RELIEF
(Compensatory Damages Under the FMLA)
29 U.S.C. § 2617(a)

16. FRACCICA hereby repeats, re-alleges, and incorporates by reference each and every foregoing allegation of this Complaint with the same force and effect as if more fully set forth herein.

17. Provided that the Plaintiff establishes that he gave proper notice of his intentions, as a qualified employee seeking leave for a qualified reason from a qualified employer then the Defendants have a duty under the Family Medical Leave Act (FMLA) 29 U.S.C.§ 2601 et.al., a federal law, to provide the Plaintiff, a qualified employee of a qualified employer, up to 12 work weeks of unpaid leave each year with no threat of job loss. FMLA also requires that employers covered by the law maintain the health benefits for eligible workers just as if they were working.

18. The Family and Medical Leave Act, prohibits "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C.A. § 2615(a)(1).

19. The Family and Medical Leave Act further prohibits "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C.A. § 2615(a)(1).

20. FRACCICA is informed and believes, and on that basis alleges, that HSBC qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that FRACCICA is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

21. FRACCICA is informed and believes, and on that basis alleges, that this was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that FRACCICA was denied his entitlement to leave as prescribed in FMLA.

22. FRACCICA is informed and believes, and on that basis alleges, that FRACCICA was entitled to restoration to his position as described in the FMLA, 29 U.S.C. § 2614(1), and that FRACCICA was denied restoration to the same or equivalent position as prescribed in FMLA.

23. FRACCICA is informed and believes and on that basis alleges that defendant is responsible under the FMLA, 29 U.S.C. § 2617(a).

24. As the result of FRACCICA's illegal termination, FRACCICA has incurred, and is now incurring, a loss of wages and continuing medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial, but believed to exceed $100,000. These costs include, without limitation, lost wages and medical expenses during FRACCICA's leave of absence, back pay from the effective date of termination, lost medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees that, as of the date of this complaint, exceed, $10,000.

25. FRACCICA is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendant is liable to FRACCICA for the costs described in the preceding paragraph.

## SECOND CLAIM FOR RELIEF
(Declaratory Relief For Compensatory Damages Under the FMLA)
29 U.S.C. § 2617(a)

26. FRACCICA hereby repeats, re-alleges, and incorporates by reference each and every foregoing allegation of this Complaint with the same force and effect as if more fully set forth herein.

27. An actual controversy now exists between FRACCICA on the one hand, and defendants, on the other, in that FRACCICA contends that defendant is liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by FRACCICA and reinstatement of FRACCICA to his previous position of Assistant Vice-President, Senior Auditor General, in connection with the alleged employment discrimination perpetrated by HSBC.  FRACCICA is informed and believes, and on that basis alleges, that the defendant contends in all respects to the contrary.

28. A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by FRACCICA, is appropriate and in the interests of justice.

WHEREFORE, FRACCICA prays for judgment against the defendant as follows:

### AS TO THE FIRST CLAIM FOR RELIEF
### FOR COMPENSATORY DAMAGES UNDER THE FMLA.

1. For compensatory damages and other costs incurred by FRACCICA according to proof, but believed to exceed $25,000, and reinstatement of FRACCICA to his previous position of Assistant Vice-President, Senior Auditor General.

2. For FRACCICA's reasonable legal fees.

## AS TO THE SECOND CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF UNDER THE FMLA.

3. For a judicial declaration that the defendant is liable under the FMLA, 29U.S.C. § 2617(a) for all past, present and future lost wages, employment benefits and other costs incurred by FRACCICA in connection with FRACCICA's termination of employment of HSBC, including, without limitation, reasonable attorneys' fees.

## AS TO ALL CLAIMS

4. For all costs of suit herein; and

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff FRACCICA hereby demands trial by jury for the claims set forth in its complaint.

Dated: BUFFALO, New York
July 9, 2020

                HOUSH LAW OFFICES, PLLC

                By: _____/s/ Frank Housh, Esq._____
                      Frank Housh, Esq.
                      Attorneys for Plaintiff
                      ANTHONY FRACCICA
                      70 Niagara Street, Buffalo, NY 14202
                      p. 716.362.1128 · f. 716.242.3000
                      frank@houshlaw.com

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss.:
CITY OF BUFFALO      )

Anthony Fraccica, being duly sworn, deposes and says that he is the Complainant in this action; I have read the attached Complaint and I know the contents thereof; that the same is true to the knowledge of the deponent, except as to matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

PLACE: Buffalo, NEW YORK

DATE: July 9, 2020

_____
Anthony Fraccica

Sworn to me this 9th
Day of July 2020

_____
Notary

FRANK T HOUSH
No. 02HO6297636
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 24, 20___